UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-cr-00017-TMR-1 |
| v. | : | |
| | : | Judge Thomas M. Rose |
| JOSHUA C. LEAVELL, | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) FOR EXTRAORDINARY AND COMPELLING CRICUMSTANCES DUE TO THE COVID-19 VIRUS (DOC. 40)**

---

This case is before the Court on Defendant's Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Extraordinary and Compelling Circumstances Due to the COVID-19 Virus (Doc. 40) (the "Motion"), filed by Joshua Leavell ("Leavell"). Leavell is currently incarcerated at FCI [Federal Correctional Institution] Morgantown in West Virginia. Leavell asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The United States (the "Government") filed a Response in Opposition (Doc. 44) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. Leavell, through counsel, filed a Reply to the Government's Response (Doc. 46) (the "Reply"). The matter is ripe for review.[1] For the reasons set forth below, the Court **DENIES** the Motion.

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all

1

I.   **BACKGROUND**

The Government filed an Information on February 21, 2018 charging Leavell with one count of access device fraud, in violation of 18 U.S.C. § 371, 1028, 1028A, and 1029. (Doc. 3 at PAGEID # 5.) On May 2, 2018, Leavell pleaded guilty, pursuant to a plea agreement. (Doc. 13 at PAGEID # 28.) On August 8, 2018, this Court imposed a forty-month term of imprisonment; three years of supervised release with special conditions; a $100 special assessment; $106,848 in restitution, joint and severally with Leavell's co-defendant; and forfeiture of property. (Doc. 26.) Leavell is 28 years old, and his anticipated release date is July 10, 2021. (Doc. 44 at PAGEID # 183.)

II.   **ANALYSIS**

Leavell asks the Court to "grant him a reduction in sentence as permitted by 18 U.S.C. § 3582(c)(1)(A)(i)" and to consider what he alleges are extraordinary and compelling reasons for doing so.[2] (Doc. 40 at PAGEID # 167.)

A.   **Legal Standards**

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333,

---

administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted). Leavell initially petitioned the Warden of FCI Morgantown for compassionate release. (Doc. 40 at PAGEID #161; 40-1 at PAGEID #169-70.) The parties agree that the request was denied. (Doc. 40 at PAGEID #161; Doc. 44 at PAGEID #183.) Thus, exhaustion is not at issue.

[2] Leavell, in the Motion, also asserts that, in addition to immediate release, "home detention is warranted." (Doc. 40 at PAGEID # 166.) The Court interprets this as a request to change the place of Leavell's confinement. However, it is the BOP that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"). The CARES Act did not change this fact. *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP").

335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

First, commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[3] United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary

---

[3] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

3

and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3; *see also United States v. Keefer*, No. 19-4148, 2020 U.S. App. LEXIS 32723, at *6-7, 2020 WL 6112795 (6th Cir. Oct. 16, 2020) ("[i]n Application Note 1 to § 1B1.13, the Commission also listed the 'extraordinary and compelling reasons' that might entitle a defendant to a sentence reduction").

Second, that same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.[4] 18 U.S.C. § 3142(g); *see also United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

Third, the factors set forth in Section 3553(a) "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the

---

[4] Specifically, 18 U.S.C. § 3142(g) states:
"(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence; and the need to avoid unwarranted sentencing disparities." *Jones*, 2020 U.S. App. LEXIS 32451, at *6 (quoting 18 U.S.C. § 3553(a)(1), (2), (6)).

Finally, it remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Keefer*, 2020 U.S. App. LEXIS 32723, at *7 ("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original).

### B. Application

In his Motion, Leavell asserts that the Court should release him because of the COVID-19 pandemic and an identified health condition of obesity. Records indicate that Leavell has a Body Mass Index ("BMI") score of 32. (Doc. 40-1 at PAGEID # 171.)

Leavell has not demonstrated an extraordinary and compelling reason to warrant a reduction in his sentence. When considering whether any circumstance is "extraordinary and compelling" the Court considers the relevant policy statement issued by the Sentencing Commission. Where medical conditions of the defendant are the stated grounds for reducing a sentence, there are two applicable policy statements that the Court considers. The first is whether the defendant's illness is a terminal one.[5] U.S.S.G. § 1B1.13 n. 1(A)(i). Leavell's health condition is not terminal. The second requires the defendant to be "suffering from a serious physical medical condition … that substantially diminishes the ability of the defendant to provide self-care within … a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 n.

---

[5] The policy statement defines a terminal illness as "a serious and advanced illness with an end of life trajectory." U.S.S.G. § 1B1.13 n.1(A)(i).

1(A)(ii). While the Court is sympathetic to Leavell's arguments about his current limited access to opportunities to maintain a healthy lifestyle while in prison, it does not find an extraordinary and compelling reason, under the law, that warrants relief to be granted in the instant matter. *Keefer*, 2020 U.S. App. LEXIS 32723, at *11 ("[t]o qualify for relief, [defendant] needed to show, at the outset, 'extraordinary and compelling reasons' for his requested sentence reduction") (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The presence of COVID-19 does not change this. Many courts have found that the presence of COVID-19 in combination with health conditions like hypertension and obesity, alone or together, does not rise to the level of an extraordinary and compelling reason to warrant compassionate release. *See, e.g.*, *United States v. McKinnie*, No. 1:16CR304, 2020 U.S. Dist. LEXIS 1558232, at *3, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020) (denying compassionate release to a 35-year-old defendant whose health conditions were high blood pressure and obesity and collecting cases); *United States v. Gordon*, No. 15-20609, 2020 U.S. Dist. LEXIS 123318, at *9, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release to a 34-year-old obese prisoner stating that, "when 42.4% of American adults are obese and [an] additional 32% are overweight," this is not a condition so extraordinary that injustice would result if the relief is not granted, even in light of COVID-19) (internal citations and quotations omitted). Thus, while Leavell's health condition of obesity <u>may</u> pose an increased risk of contracting and falling ill from CVOID-19, when considering his age and lack of any other significant health concerns, the Court does not find an extraordinary and compelling reason exists in this instance.

### III.  CONCLUSION

Leavell does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A).  For the reasons stated above, the Court **DENIES** the "Defendant's Request for Compassionate Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Extraordinary and Compelling Circumstances Due to the COVID-19 Virus" (Doc. 40).[6]

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 21, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[6] The Court acknowledges the valuable contribution and assistance of judicial extern Ashley Oravetz in drafting this order.